**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACLYN CAMPBELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 14-CV-7855 |

**CLASS ACTION COMPLAINT**

Plaintiff, JACLYN CAMPBELL, by her attorneys, bring this action individually and on behalf of all similarly situated persons who purchased or leased 2012 model year Ford Fiestas designed, manufactured, distributed, marketed, sold, and leased by Defendant, Ford Motor Company ("Ford"). In support of her Class Action Complaint, Ms. Campbell states:

**INTRODUCTION**

1. This is a class action lawsuit seeking damages on behalf of all class members for breach of express warranty relating to the Ford Fiesta. There is a defect in the transmission which causes excessive shuddering and noise when accelerating and decelerating. The defect also causes intermittent power loss when accelerating from a stop. The transmission is covered under Ford's 5-year, 60,000 mile written warranty (the "Warranty"). However, the Fiesta's transmission cannot be repaired to eliminate the shuddering, noise, and intermittent power loss. Because Ford is not able to repair the defective transmission as it is required to do under the Warranty, Ford has breached the Warranty. Owners and lessors of 2012 Fiestas have been damaged because they possess a vehicle with a defective transmission which seriously interferes

with their use and enjoyment of their vehicles and cannot be fixed as promised under the Warranty.

## PARTIES

2. Ms. Campbell is an Illinois citizen who lives in Sandwich, DeKalb County, Illinois. On or about September 10, 2012, Ms. Campbell purchased a new 2012 Ford Fiesta from Gjovik Ford, Inc. ("Gjovik"). Gjovik is an authorized Ford dealership located in Sandwich, Illinois. Ms. Campbell purchased her Fiesta primarily for personal, family or household purposes. Ms. Campell's Fiesta's Vehicle Identification Number is 3FADP4BJ9CM170228.

3. Ford is a Delaware corporation which designs, manufactures, distributes and/or services automobiles and does business in all 50 states. Ford has its principal place of business at 1 American Road, Ford World Headquarters, Room 612, Dearborn, Michigan 48126.

## JURISDICTION

4. This Court has jurisdiction over this Action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The number of Class Members exceeds 100, at least one Class Member resides in a state other than Delaware and Michigan, Ford's state of incorporation and principle place of business respectively, and the aggregated claims of the Class Members exceed the sum value of $5 million, exclusive of interest and costs.

## VENUE

5. Venue is proper in this District under 28 U.S.C. § 1391 because the Ford does substantial business in the State of Illinois and a substantial part of the events giving rise to the claims complained of herein occurred in this District.

## DEMAND FOR JURY TRIAL

6. Pursuant to Federal Rule of Civil Procedure 38(b), Ms. Campbell demands a trial by jury of any and all issues in this action so triable of right.

## FACTUAL ALLEGATIONS

7. In September 2012, Ms. Campbell purchased a new Ford Fiesta.

8. Ms. Campbell's Fiesta and all Fiestas purchased or leased by putative class members were covered by the Warranty, which provides the following limits of coverage:



9. At all relevant times, the Fiesta's defective transmission would be covered under the "Bumper to Bumper" or "Powertrain" coverage limits. Thus, the Warranty was good for 3 years or 36,000 miles or 5 years or 60,000 miles, whichever came first.

10. Since Ms. Campbell purchased her Fiesta, it has caused a loud rattling noise on acceleration and deceleration. The Fiesta's transmission also caused shuddering on acceleration and deceleration and will intermittently fail to accelerate from a stop.

11. On or about April 12, 2013, Ms. Campbell took the vehicle to Gjovik for repair and service of the rattling, shuddering, and intermittent power loss. At the time Plaintiff brought

3

her Ford Fiesta in for repair, the vehicle had 9,242 miles on it and was still covered by the Warranty. Gjovik returned the Fiesta without being able to fix the rattling, shuddering, and intermittent power loss.

12.    Following April 2013, Ms. Campell returned to Gjovik on five occasions for repair and service of her Fiesta's transmission. Each of these times, Gjovik has been unsuccessful in repairing the rattling, shuddering, and intermittent power loss.

13.    Employees of Gjovik explained to Ms. Campbell that Ford was aware of a problem with the transmission and was working on a solution. Gjovik explained that when Ford notified them how to fix the transmission's rattling, shuddering, and intermittent power loss, they would notify Ms. Campbell. Gjovik has not notified Ms. Campell that there is a means to fix the transmission's defect.

14.    In or about August 2014, in its apparent attempt to address the Fiesta's unrepairable transmission defect, Ford offered to extend the coverage limits of the Warranty for certain transmission components in Ms. Campbell's Fiesta. Ford extended the Warranty's coverage on the clutch and transmission input shaft seals and transmission software calibration to 7 years or 100,000 miles, whichever occurs first. Even though Ms. Campbell brought her Fiesta to Gjovik for service after Ford extended the limits of the Warranty for her Fiesta, Gjovik was still unable to repair the rattling, shuddering, and intermittent power loss.

15.    Despite receiving more than 53 complaints from consumers through the National Highway Transportation Safety Administration's website, Ford is unable to repair the Fiesta's defective transmission. Therefore, Ford dealerships and repair centers have merely been informing Fiesta owners that the rattling, shuddering, and intermittent power loss is normal for

the Fiesta's transmission, even though the Warranty requires Ford to permanently repair any defect in the Fiesta's transmission.

## CLASS ACTION ALLEGATIONS

16. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Ms. Campbell brings this lawsuit as a class action on behalf of a putative class, consisting of all persons who purchased or leased for personal, family, or household purposes a 2012 Ford Fiesta and who were unable to have the transmission defect repaired.

17. Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the member of the putative class are so numerous and geographically dispersed that individual joinder of all members of the punitive class is impracticable. Ford has sold thousands (if not tens of thousands) of 2012 Ford Fiestas so Ms. Campbell is confident that there a thousands of members of the putative class.

18. Pursuant to Rule 23(a)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this action involves common questions of law and fact, which predominate over any question affecting individual putative class member, including, but not limited to:

    a. Whether the Ford Fiesta is defectively designed;

    b. Whether Ford's is able to repair the design defect present in the Ford Fiesta;

    c. Whether the Ford Fiesta owned or leased by the members of the putative class are all covered the Warranty.

    d. Whether Ford's failure to provide the parts and process necessary to repair the defective Ford Fiesta's transmission represented a breach of the Warranty.

19. Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, Ms. Campbell's claims are typical of the other putative class member's claims because all members of the putative class were comparably injured through Ford's breach of the Warranty.

20. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, Ms. Campbell is an adequate class representative because her interests do not conflict with the interests of the other members of the putative class Ms. Campbell seek to represent. In addition, Ms. Campbell has retained counsel competent and experienced in complex class action litigation. Finally, Ms. Campbell intends to prosecute this action vigorously and the putative class's interests will be fairly and adequately protected by Ms. Campbell and her counsel.

21. Pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Ms. Campbell and the putative class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Ford, so it would be impracticable for the members of the putative class to individually seek redress for Ford's wrongful conduct. Even if putative class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
**(Breach of Express Warranty in violation of Magnusson-Moss Act, 15 U.S.C. § 2310(d)(1))**

22. Ms. Campell realleges and incorporate herein Paragraphs 1-14.

23. The Magnuson-Moss Warranty Act is a remedial statute designed to protect consumers from deceptive or unfair warranty practices. The Magnuson-Moss Warranty Act does not require a consumer product to be warranted. Where a warranty is provided, however, the warranty is subject to the Magnuson-Moss Warranty Act's regulatory scheme.

24. The Magnuson-Moss Warranty Act allows consumers to enforce written warranties in federal court, as provided in section 2310(d)(1).

25. Ford is a "warrantor" within the meaning of § 2301(5) of the Act because it provided the Warranty for the Fiesta.

26. Ms. Campbell and the putative class are "consumers" within the meaning of § 2301(3) of the Magnuson-Moss Warranty Act because they purchased or leased the Fiesta for personal, family, or household purposes.

27. Ford issued the Warranty for the Fiesta, which is a "written warranties" within the meaning of § 2301(6) of the Magnuson-Moss Warranty Act. The Warranty (and Ford's extension described in Paragraph 14, *supra*) provides that Ford will warrant the Fiesta's transmission from defects for 3 years or 36,000 miles or 7 years or 100,000 miles, whichever came first.

28. Ford breached the Warranty when it refused to repair the Fiesta's defective transmission.

29. Ms. Campbell and Class Members have been damaged by Ford's breaches of the Warranty. As a direct and proximate result of Ford's breaches of the Warranty, Ms. Campbell and class members have and will suffer actual economic damages and aggravation and inconvenience.

WHEREFORE, Ms. Campbell respectfully requests that the Court grant the following relief:

A. Enter an order pursuant to Rule 23 of the Federal Rules of Civil Procedure permitting this Action to be maintained as a class action on behalf of the putative class, appointing Ms. Campbell as the representative of the Class, and Ms. Campbell's counsel as counsel for the Class;

B. Enter judgment in favor of Ms. Campbell and the Class and against Ford for damages in the amount to be proven at trial, including actual economic damages and aggravation and inconvenience; and

C. Award attorneys' fees and such further relief as the Court deems proper and just.

Dated: October 8, 2014    JACLYN CAMPBELL

By: /s/ Vincent L. DiTommaso
One of her attorneys

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTommaso ♦ Lubin, P.C.
17 W 220 22nd Street, Suite 410
Oakbrook Terrace, Illinois 60181
(630) 333-0000
(630) 333-0333 (fax)